Cite as 2024 Ark. App. 97

# ARKANSAS COURT OF APPEALS

DIVISION II
No. E-22-608

| | |
|---|---|
| ANGELA RICE | Opinion Delivered February 14, 2024 |
| APPELLANT | APPEAL FROM THE ARKANSAS BOARD OF REVIEW |
| V. | [NO. 2022-BR-01248] |
| DIRECTOR, DIVISION OF WORKFORCE SERVICES; AND THRIFTY CAR SALES OF FORT SMITH | REVERSED AND REMANDED |
| APPELLEES | |

**N. MARK KLAPPENBACH, Judge**

Angela Rice appeals from the decision of the Arkansas Board of Review denying her claim for unemployment benefits upon finding that she voluntarily left her last work without good cause connected with the work. We hold that substantial evidence does not support this finding; accordingly, we reverse and remand.

Beginning in October 2019, Rice worked as a sales representative for Thrifty Car Sales of Fort Smith selling portable buildings. Rice worked part time and was paid an hourly wage unless her commissions for the month exceeded her hourly earnings; in that event, she was paid only her commissions. At the start of the COVID-19 pandemic in March 2020, Rice was allowed to work from home in order to be home with her minor child. Under this arrangement, Rice earned commissions only. This arrangement continued until Rice's employment ended. The Division of Workforce Services determined that Rice was entitled

to benefits because she was discharged for reasons other than misconduct connected with the work. The employer appealed to the Arkansas Appeal Tribunal, which reversed the Division's determination and found that Rice was disqualified from receiving benefits because she voluntarily left work without good cause connected with the work. Rice then appealed to the Board, which adopted the Tribunal's decision.

Board decisions are upheld if they are supported by substantial evidence. *Blanton v. Dir.*, 2019 Ark. App. 205, 575 S.W.3d 186. Substantial evidence is such relevant evidence that reasonable minds might accept as adequate to support a conclusion. *Id.* We view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Id.* Even if the evidence could support a different decision, our review is limited to whether the Board could have reasonably reached its decision on the basis of the evidence presented. *Id.* However, our function on appeal is not merely to rubber stamp Board decisions. *Id.*

Rice alleged in a discharge form that she was discharged pursuant to a letter dated January 8, 2021. She stated in the form that due to her working arrangements, her hours were set by her, and she had never received any warnings regarding her work hours. She stated that she had communicated with the employer about a customer on December 22, 2020, and when she sent another message regarding a customer in January 2021, she received no response. The employer completed a discharge form, stating that Rice's employment ended when she "abandoned her position" on October 8, 2020; however, the employer also wrote that Rice's last day of work was September 12, 2020.

At the hearing before the Tribunal, the employer was represented by its president, Gregg Lawler, and Melissa Lawler, its secretary-treasurer, participated as a witness. Gregg testified that Rice could do almost all of her work remotely, but she could also come in any time she wanted since she had an alarm code and gate key. Melissa testified that Rice had not been coming in much, had not earned any commissions since October 2020, had not performed work on the employer's premises since November 16, 2020, and had not set up any appointments with customers since then. The Lawlers testified that Rice could have returned to work at the premises during business hours and earned hourly pay again, and they disputed Rice's testimony that she had offered to do this. Gregg testified that when they got to the first of the year and the situation with Rice had not improved, they decided to send a letter requesting that Rice return her keys due to her "self-abandonment" of her position.

Arkansas Code Annotated section 11-10-513(a)(1) (Supp. 2023) provides that an individual shall be disqualified for benefits if she voluntarily and without good cause connected with the work left her last work. The Board found that Rice was disqualified under this provision upon finding that she had declining sales and little contact with the Lawlers and that she could have started working on the premises again to show that she intended to stay employed. However, the Board also found that Rice "was not told she had to keep certain hours or to make regular contacts." Furthermore, there is no evidence that the employer ever asked or directed Rice to begin working on the premises again. While the evidence suggests that the employer was displeased with the amount or results of Rice's work

since implementing her work-from-home arrangement, the employer did not implement any changes to the arrangement, and it continued until the employer decided to end Rice's employment. Under these circumstances, the evidence does not support the finding that Rice quit; instead, it demonstrates that she was discharged. Accordingly, we reverse and remand for the Board to determine whether the circumstances of Rice's discharge entitle her to benefits in accordance with Arkansas Code Annotated section 11-10-514 (Supp. 2023).

Reversed and remanded.

BARRETT and MURPHY, JJ., agree.

*Angela Marie Rice*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.